CMB Form AP-2

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:** | : | |
| **ROBERT HALPIN,** | : | Bankruptcy No. 18-22057-CMB |
| | : | |
| Debtor. | : | |
| | : | Chapter 7 |
| **A.G. CULLEN CONSTRUCTION, INC.,** | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Adversary No. 20-02191-CMB |
| | : | |
| | : | Related to Adv. Doc. No. 10 |
| **ROBERT HALPIN,** | : | |
| Defendant. | : | |
| | : | |

## EARLY CONFERENCE CERTIFICATION AND STIPULATION

The parties to this proceeding submit the following Early Conference Certification and Stipulation and agree that, upon the Court's entry of order approving the terms set forth within, all undisputed terms shall govern pretrial proceedings unless altered by the Court.[1]

**Directions:** The Early Conference Certification and Stipulation is to be completed in its entirety and signed by all counsel or unrepresented parties to the within matter. Only one Early Conference Certification and Stipulation is to be submitted per case and shall be filed by the Plaintiff(s) within seven (7) days of the date of the Early Conference of Parties. If the parties cannot agree on any of the following issues, the parties are directed to identify the objecting parties and set forth the basis for said parties' disagreement.[2] A date for the First Pretrial Conference shall be assigned by the Court upon the filing of this completed form. The Court will address any disputed terms at the First Pre-Trial Conference. Unless amended by the Court, all undisputed terms shall govern pretrial proceedings. Failure to comply with the undisputed terms may result in the imposition of sanctions, monetary and non-monetary, including, without limitation, entry of an order

---

[1] The Court will independently review the terms of this document set by the parties and may shorten or extend the proposed deadlines, with or without prior notice.

[2] If sufficient space is not available under any section herein to set forth all matters, attach a supplemental paper. This document is also available in Word format on the Court's website under Judge Carlota Böhm's Forms.

CMB Form AP-2

denying the admission of exhibits, testimony of witnesses, or other appropriate sanctions where noncompliance has caused undue delay, expense and/or prejudice. In the event that this matter involves more than two parties, or separate counsel has been retained to represent co-plaintiffs or co-defendants, etc., add additional lines where necessary throughout this document.

I. Early Conference of Parties: Judge Böhm requires that the Early Conference of Parties occur no later than thirty (30) days from the Answer deadline. Answers to the Complaint in this matter were due on February 8, 2021. The parties to this case conferred on March 10, 2021.

II. Jurisdiction
   a. __X__ This is a core matter, in its entirety, on which the bankruptcy court will enter final judgment.
   b. _____ This is a non-core matter, in its entirety, and the parties hereby state that the bankruptcy court
      i. ___ has their consent to enter final judgment, and this express consent eliminates any need for consideration of any issues that might otherwise be raised by the decision in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).
      ii. ___ does not have their consent to enter final judgment. (See Note regarding briefing requirement below)
   c. _____ The parties cannot agree as to whether this is a core or non-core matter. (See Note regarding briefing requirement below)
   d. _____ This adversary proceeding embraces core and non-core matters as follows:

      i. As to those matters that are either stipulated non-core or the parties are in disagreement as being non-core, the bankruptcy court
         1. ___ has the parties' consent to enter final judgment, and this express consent eliminates any need for consideration of any issues that might otherwise be raised by the decision in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).
         2. ___ does not have the parties' consent to enter final judgment. (See Note regarding briefing requirement below)

**Note:** If the parties do not consent to entry of final judgment by this Court on the basis that all or some matters are non-core, the parties shall submit memoranda addressing those issues no later than fourteen (14) days prior to the First Pre-Trial Conference. Thereafter, the Court will rule on the core/non-core character of claims.

2

III. Settlement and Mediation

    a. Settlement
        i. Counsel for Plaintiff(s) hereby certifies that settlement has been discussed with the Plaintiff(s): */s/ Gusty A.E. Sunseri*
(Written or electronic signature)

        ii. Counsel for Defendant(s) hereby certifies that settlement has been discussed with the Defendant(s): */s/ Ryan J. Cooney*
(Written or electronic signature)

        iii. The status of settlement efforts is as follows:

        Discussions are ongoing. Plaintiffs has indicated that discussions may be more productive following discovery.

    b. Mediation
        i. Counsel for Plaintiff(s) hereby certifies that mediation has been discussed with the Plaintiff(s): */s/ Gusty A.E. Sunseri*
(Written or electronic signature)

        ii. Counsel for Defendant(s) hereby certifies that mediation has been discussed with the Defendant(s): */s/ Ryan J. Cooney*
(Written or electronic signature)

        iii. This matter has not been formally mediated. However, the parties participated in a mediation in the main bankruptcy case.

        iv. The parties are not seeking mediation at this time.

IV. Discovery

    a. Disclosures. (select one)

        i. ___ *Default Schedule*: The parties shall make the initial disclosures in accordance with the provisions of Fed. R. Bankr. P. 7026.

        ii. ___ The parties agree to amend the default schedule for disclosures as follows:

The parties shall make disclosures by April 30, 2021.

b. Discovery shall be initiated sufficiently in advance of the deadline so as to be timely completed by the deadline. Unless otherwise ordered by the Court, the total number of written interrogatories submitted by a party shall not exceed thirty (30) questions, including subparts. In accordance with Fed.R.Bankr.P. 7005, the depositions upon oral examination and interrogatories, requests for documents, requests for admission, and answers and responses thereto are not to be filed unless pursuant to an Order of Court or for use in a proceeding in this case.

Select one:
__X___ The parties have agreed on the discovery plan as set forth below.
_____ The parties have not agreed on the following discovery plan. The parties have set forth their disagreements and reasons for each party's position.

The parties jointly propose to the court the following discovery plan: (Reminder: Use separate paragraphs or subparagraphs as necessary if parties disagree.)

  i. All discovery shall be completed by August 30, 2021.

  ii. *If applicable*, Discovery on _____(issue for early discovery) to be completed by _____.

  iii. Maximum of 30 interrogatories by each party to any other party. Responses are due 30 days after service.

  iv. Maximum of 30 requests for admission(s) by each party to any other party. Responses due 30 days after service.

  v. Maximum of 3 depositions by plaintiff(s) and 3 by defendant(s).
      1. Each deposition is limited to a maximum of 6 hours unless extended by agreement of parties.
      2. Exceptions, if applicable:_____

  vi. Reports from retained experts under Fed. R. Bankr. P. 7026(a)(2) due:
      1. From plaintiff(s) by August 30, 2021
      2. From defendant(s) by September 30, 2021

CMB Form AP-2

      vii. Supplementations under Fed. R. Bankr. P. 7026(e) due (time(s) or interval(s)): in a timely manner per 7026(e)(1)(A)

V. <u>Miscellaneous Issues.</u> ( Reminder: Use separate paragraphs or subparagraphs as necessary if parties disagree)

  a. Plaintiff(s) shall be allowed until July 31, 2021 to join additional parties and until July 31, 2021 to amend the pleadings.

  b. Defendant(s) shall be allowed until July 31, 2021 to join additional parties and until July 31, 2021 to amend the pleadings.

  c. Does either party anticipate joining an additional party: ____ yes/____ no

    Unknown

  d. Does either party anticipate amending a pleading(s): ____ yes/____ no

    Unknown

  e. All potentially dispositive motions, including motions for summary judgment, should be filed by _____.

    September 15, 2021

  f. Does either party anticipate filing dispositive motions: ____ yes/____ no

    Unknown

VI. <u>Trial</u>. (The Court recognizes that the estimates below concerning time, witnesses, and exhibits may change as the case proceeds.)

  a. The Plaintiff(s) anticipates to be ready for trial by November 15, 2021.
  b. The Defendant(s) anticipates to be ready for trial by November 15, 2021.

  c. Estimation of time required to present each party's side of the case at trial including rebuttal stage, if applicable.
     i. Plaintiff(s): 1 day
     ii. Defendant(s): 1 day

  d. Estimation of number of witnesses each party will present at trial including opposing parties, if applicable.
     i. Plaintiff(s): 5
     ii. Defendant(s): 5

CMB Form AP-2

    e. Estimation of number of exhibits each party will present at trial, including opposing parties' exhibits, if applicable.
        i. Plaintiff(s): _____
        ii. Defendant(s): _____

    Unknown

    f. <u>Demand for Jury Trial</u>

        i. _X_ Neither party seeks a jury trial
        ii. _____ The Plaintiff(s) demands a jury trial
        iii. _____ The Defendant(s) demands a jury trial.

        iv. The parties __X__ agree ___ disagree re: jury entitlement. <u>Note</u>: Disagreements re: jury entitlement will be addressed at the First Pretrial Conference and determined immediately thereafter, unless the parties convince the Court that the issue should be resolved earlier.

        v. If a jury trial is warranted, the parties ___ consent ___ do not consent to jury trial in the bankruptcy court.

VII. <u>Statement of Legal Issues</u>

    Dischargeability under 523 and 727

VIII. <u>Concise Statement of Factual Issues (50 Words or Less)</u>

    The Debtor's relationship with Blue Island Partners

    The effect of the Illinois Appellate Court Opinion on this Proceeding

CMB Form AP-2

    IX.    <u>Stipulation</u>: The parties, through counsel, shall engage in a good faith effort to stipulate to all facts and legal issues as to which there is no actual dispute. To the extent that the parties can agree at this time, the following facts are stipulated.

    The parties will work on a stipulation prior to trial.

    X.    <u>Additional Comments of Parties</u>:

    None

Date: <u>March 17, 2021</u>                               */s/ Robert O Lampl*
                                                                  ROBERT O LAMPL
                                                                  PA I.D. #19809
                                                                  JOHN P. LACHER
                                                                  PA I.D. #62297
                                                                  RYAN J. COONEY
                                                                  PA I.D. #319213
                                                                 SY O. LAMPL
                                                                 PA I.D. #324741
                                                                ALEXANDER L. HOLMQUIST
                                                                 PA I.D. #314159
                                                                Benedum Trees Building
                                                                223 Fourth Avenue, 4th Floor
                                                                Pittsburgh, PA 15222
                                                                (412) 392-0330 (phone)
                                                                (412) 392-0335 (facsimile)
                                                                Email: rlampl@lampllaw.com

CMB Form AP-2

Date: <u>March 17, 2021</u>                    <u>/s/ Gusty A.E. Sunseri</u>
GUSTY A.E. SUNSERI
PA I.D. #40436
1290 Freeport Road
Pittsburgh, PA 15238
(412) 968-0210 (phone)
(412) 968-0254 (facsimile)
Gusty-sunseri@verizon.net

CMB Form AP-2

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| **ROBERT HALPIN,** | Bankruptcy No. 18-22057-CMB |
| Debtor. | |
| | Chapter 7 |
| **A.G. CULLEN CONSTRUCTION, INC.,** | |
| Plaintiff, | |
| v. | Adversary No. 20-02191-CMB |
| | Related to Adv. Doc. No. 10 |
| **ROBERT HALPIN,** | |
| Defendant. | |

## CERTIFICATE OF SERVICE

Robert O Lampl, John P. Lacher, and Ryan J. Cooney hereby certify, that on the 17th day of March, 2021, a true and correct copy of the foregoing **EARLY CONFERENCE STIPULATION** was served upon the following *(via electronic service):*

Gusty A.E. Sunseri
1290 Freeport Road
Pittsburgh, PA 15238
Gusty-sunseri@verizon.net

CMB Form AP-2

Date: <u>March 17, 2021</u>  /s/ *Robert O Lampl*
ROBERT O LAMPL
PA I.D. #19809
JOHN P. LACHER
PA I.D. #62297
RYAN J. COONEY
PA I.D. #319213
SY O. LAMPL
PA I.D. #324741
ALEXANDER L. HOLMQUIST
PA I.D. #314159
Benedum Trees Building
223 Fourth Avenue, 4th Floor
Pittsburgh, PA  15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email:  rlampl@lampllaw.com